## HEIN *v.* PUNGS.

APPEALS FROM COMMISSIONER OF PATENTS, TIME FOR TAKING;
REHEARING.

1. An appeal, from a decision of the Commissioners of Patents
taken nearly two years after the decision of the Commissioner
was rendered, *dismissed; following* In re Bryant, *ante,* p. 447.
2. The time for taking appeals to this court from decisions of the
Commissioner of Patents is regulated by the rules of this court
adopted in pursuance of the authority conferred by the acts of
Congress of February 9, 1893, and July 30, 1894, and not by the
provisions of Sec. 4894, R. S. U. S.
3. Questions proper to be raised in a cause should be urged at the
hearing, and not held back to be raised on a motion for re-
hearing in the event of an adverse decision.

No. 49. Patent Appeals. Submitted November 9, 1896. Decided December 3, 1896.

HEARING on a motion to dismiss an appeal from a deci-
sion of the Commissioner of Patents. *Appeal dismissed.*

*Mr. W. A. Megrath* for the motion.

*Mr. W. H. Singleton,* for the appellant, opposed.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal taken on May 12, 1896, from a decision
rendered by the Commissioner of Patents on June 9, 1894;
and the appeal was not filed in this court until June 2,
1896, nearly two years after the rendition of the Commis-
sioner's decision.

We have just determined, in the case of "In the matter
of the application of George Bryant," *ante,* p. 447, that no
such appeal can be entertained by us. It comes too late.
There is no justification for the delay, and no attempt to
excuse it. Whether the case is to be governed by the rules
of this court promulgated on September 29, 1894, whereby
a limitation of forty days was provided for appeals, or by

the rules in force prior thereto, which provided for a general limitation of twenty days for appeals to this court, the right of appeal is now barred. The theory of the appellant seems to be that he had two years wherein to file his appeal; and this theory is based upon Section 4894 of the Revised Statutes of the United States, wherein it is provided that, " all applications for patents shall be completed and prepared for examination within two years after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within two years after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable." But even if we assume that, before the promulgation of the rules of this court on September 29, 1894, there was justification for this theory, there was no justification for it after the date of such promulgation. The right of appeal is not a vested right that may not be altered by statute, or by rule of court made in pursuance of statutory authority to enact such rules. And when the rule of this court regulating the time for taking appeals was promulgated, the appellant became thereafter bound by it, and having the full time limited by the rule, he has no just cause of complaint.

*The appeal in this case must be dismissed; and it is accordingly dismissed. The clerk of this court will certify this opinion and the proceedings in the cause to the Commissioner of Patents in accordance with the law.*

On December 12, 1896, *Mr. Singleton,* for the appellant, filed a motion for reinstatement of the appeal.

On January 4, 1897, the motion was overruled, Mr. Justice MORRIS delivering the opinion of the Court:

The appeal in this case, which was from a decision of the Commissioner of Patents in an interference proceeding, was

recently dismissed by this court on the ground that it had not been taken in due time, more than eighteen months having been allowed to elapse after the Commissioner's decision before the appeal was sued out, notwithstanding that the rule of this court prescribed that appeals should be taken within forty days after decision rendered. It was sought to evade the application of this rule upon the ground that the decision here appealed from had been rendered before the promulgation of the rule in question. But we held that inasmuch as the aggrieved party might have appealed within the forty days after the promulgation of the rule, and had given no explanation of his failure to do so, or of his unusual delay, we could not now entertain the appeal.

The appellant now files a motion for the reinstatement of the appeal, basing it on the alleged invalidity of the rule of the court which prescribes a limitation of time for appeal, and which he claims to have been made without warrant of law and in violation of the limitation of two years prescribed by Section 4894 of the Revised Statutes of the United States for the prosecution of applications for patents in the Patent Office. And leave is requested both to file briefs on the subject and to submit oral argument.

We do not deem any argument, either oral or written, to be necessary ; and we might have contented ourselves with the mere denial of the motion for reinstatement of the appeal, were it not that this seems to us to be an appropriate occasion to animadvert upon a practice that has been growing in this court, and which we cannot sanction.

Counsel in this court seem frequently to regard it as their duty to file motions for a rehearing, which the present motion virtually is, just as they file motions for a new trial in a *nisi prius* court. Counsel should not regard themselves under obligation to file such motions. While there are undoubtedly cases in which, from their great importance or the novel or doubtful character of the questions involved,

rehearing may well be had, and may properly be sought, yet it should be understood that the court always seeks in the first instance to bring the best judgment which it possesses, aided by all the lights which counsel give it in their briefs and arguments, to bear upon the causes submitted to it for its determination. If in such determination it commits error, the mistake is one of judgment to which all human action is liable. But it is expedient, in the interests of justice, that the determination, when made, should have the element of stability. Nor is it just to the court or to parties that argument should be held back until after decision, upon the chance that the judgment of the court might be favorable without consideration of the questions raised upon rehearing. There is a time assigned for argument; and all the questions legitimately proper to be raised should be raised at that time, and not subsequently.

As we have intimated, we cannot sanction the indiscriminate practice of filing motions or petitions for a rehearing. We do not question the good faith of counsel in the present case—for the question which they raise is a fair and legitimate question, although it should not have been postponed to the present time; but we think the practice, which this motion illustrates, is not one to be encouraged; and such motions in the future will receive but scant consideration, unless it is made very plainly to appear that the questions raised by them could not well have been raised at an earlier stage of the proceedings, or that the cause of substantial justice could not be subserved without their consideration.

With reference to the motion here interposed we are of opinion that this court, under the statute which created it, had ample authority to frame rules to limit the time in which appeals might be taken from the decisions of the Commissioner of Patents; and that the rule limiting the time for taking such appeals to forty days is a valid and appropriate rule binding alike upon the court and upon

parties. *We must, therefore, deny the motion of the appellant for the reinstatement of his appeal.*

Mr. Chief Justice ALVEY did not sit on the hearing of the motion to dismiss the appeal in this case, his place being taken by Mr. Justice BRADLEY, of the Supreme Court of the District of Columbia.—REPORTER.