BOSS v. HAGAN et al.

(Court of Appeals of District of Columbia. Submitted October 14, 1919. Decided November 3, 1919.)

No. 3264.

1. COURTS ⚓189(5)—MUNICIPAL COURT; GENERAL APPEARANCE AFTER SPECIAL.

Right to insist on compliance with Code of Law 1901, § 11, providing that nonresidents shall not commence suit in municipal court without first giving security for costs, which goes to the jurisdiction over defendant, is a personal privilege, which defendant waives, and may not renew on appeal to the Supreme Court, where, after his motion, on special appearance, to dismiss, is overruled, he enters a general appearance and defends on the merits.

2. LANDLORD AND TENANT ⚓285(3)—DISPOSSESSION PROCEEDING; VARIANCE BETWEEN COMPLAINT AND AFFIDAVIT.

There is no variance between allegation of complaint, in action to recover possession of premises, that defendant was "a monthly tenant," and allegation of plaintiff's affidavit, with respect to the character of the tenancy, that defendant held "as a monthly tenant."

3. LANDLORD AND TENANT ⚓115(2)—MONTHLY TENANT; ESTATE BY SUFFERANCE.

Though Code of Law 1901, § 1034, declares that verbal hirings by the month shall be deemed estates by sufferance, the tenant is a monthly tenant, as he holds "by the month."

4. LANDLORD AND TENANT ⚓116(5)—NOTICE TO QUIT; LENGTH OF TIME.

A notice to tenant from month to month to quit is not bad because giving him a day more than the 30 days required by the Code in which to surrender.

Appeal from the Supreme Court of the District of Columbia.

Action by Harlan W. Hagan and another against Charles F. Boss, Sr. From a judgment for plaintiffs on appeal from the municipal court, defendant appeals. Affirmed.

P. H. Marshall and C. H. Merillat, both of Washington, D. C., for appellant.

Charles Linkins, of Washington, D. C., for appellees.

SMYTH, Chief Justice. The Hagans brought action in the municipal court against Boss to recover possession of certain premises, alleging that their vendor had rented the premises to Boss as a monthly tenant, that the premises had been purchased by them for their home and were necessary for that purpose, that one of them was a war worker, and that the tenancy had been terminated by a due notice to quit.

Boss appeared specially and asserted that the Hagans were nonresidents of the District of Columbia and moved to dismiss the complaint because they had failed to give security for costs. The motion was overruled, and he entered a general appearance and defended on the merits. There was a judgment for the plaintiffs, and Boss appealed to the Supreme Court of the District.

The Hagans filed in that court an affidavit of merit under rule 19

⚓For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and asked for judgment. To this Boss responded with an answering affidavit in which he renewed his claim that the Hagans were nonresidents of the District at the time of commencing the action in the lower court, and denied the jurisdiction of that court to try the case, because of their failure to give security for costs. He also challenged the sufficiency of the notice to quit, asserted that there was a material variance between the tenancy as alleged in the complaint and the one disclosed in the Hagan affidavit, and attacked the sufficiency of the affidavit under rule 19. The Supreme Court held that his affidavit was insufficient to raise any question of fact and gave judgment for the Hagans.

[1] The first question presented relates to the jurisdiction of the municipal court. Section 11 of the Code provides that—

"Nonresidents shall not commence a suit before a justice of the peace [now municipal court] without first giving security for costs."

This goes to the jurisdiction of the court over the person of the defendant, and he has a right to insist upon it; but it is a personal privilege, which may be waived by him, and this Boss did by pleading to the merits. "The defendant had a right," said this court in Savings & Loan Co. v. Pendleton, 14 App. D. C. 387, "to appear specially to take the objection to the proceeding of the justice without the condition precedent having been complied with by the plaintiff. But, having interposed that objection, he could not go farther and plead to the merits of the case without thereby waiving compliance by the plaintiff with the condition which required him to give security for costs before bringing his suit." See, also, Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; Central Trust Co. v. McGeorge, 151 U. S. 129, 133, 14 Sup. Ct. 286, 38 L. Ed. 98; Costello v. Palmer, 20 App. D. C. 210.

In many jurisdictions it is the law that a person who in proper time challenges the jurisdiction of the court over his person, and after the challenge has been overruled preserves the objection in his answer, does not waive it by answering over and going to trial on the merits. Arroyo Ditch Co. v. Superior Court of Los Angeles County, 92 Cal. 47, 28 Pac. 54, 27 Am. St. Rep. 91; 7 R. C. L. 78; Lower v. Wilson, 9 S. D. 252, 68 N. W. 545, and note 62 Am. St. Rep. 865. But this is not the federal rule, as is pointed out by Mr. Chief Justice Alvey in the Pendleton Case, supra. It was there urged that, since the objection was renewed and preserved in the subsequent proceeding, the defendant had not waived it by defending on the merits. The learned Chief Justice said that the defendant, by appearing and contesting the case on the merits, lost "his right to contest the ruling of the court below on his objection to the jurisdiction on appeal."

If the defendant desired to have the ruling of the court reviewed, he should have applied to the Supreme Court for a writ of certiorari. Degge v. Hitchcock, 35 App. D. C. 218; United States v. West, 34 App. D. C. 12; Bond v. Hardware Co., 15 App. D. C. 72.

[2, 3] Nor do we think that there is any merit in the contention

that there is a variance between the allegations of the complaint and those of the Hagan affidavit with respect to the character of the tenancy. The complaint alleges that Boss was "a monthly tenant," while the affidavit asserts that he held the property "as a monthly tenant." Boss, on the other hand, says that, while he entered into the occupancy of the premises under a written agreement as a monthly tenant, the agreement was subsequently changed, and an oral arrangement was made by which the amount of his rent was increased $2 a month, and that by virtue of this he became a tenant by sufferance. If we concede his claim, he could still be described with accuracy as a monthly tenant, for section 1034 of the Code provides that "all verbal hirings by the month, or at any specified rate per month, shall be deemed estates by sufferance." But the tenant is nevertheless a monthly tenant, for he holds "by the month."

[4] The argument with respect to the alleged insufficiency of the notice is based on the fact that it gave Boss a longer time than the required 30 days. The tenancy, it was conceded, commenced on the 1st day of the month, and the notice to quit expired on the 1st day of the following month, instead of the last day of the month in which it was given, thus allowing the tenant one day more than the law required. We have held that a notice which gave the tenant more than 30 days (the time required by the Code) to surrender the premises was valid. Bliss v. Duncan, 44 App. D. C. 93, 96. The giving of the additional day was an advantage to the defendant; of this he has no just cause for complaint.

The judgment must be affirmed, with costs.

Affirmed.