MERRITT v. KAY.

(Court of Appeals of District of Columbia. Submitted October 11, 1923. Decided February 5, 1924.)

No. 3931.

1. **Landlord and tenant ⬥61—Lessee cannot question title of lessor.**

A lessee is in no position to question the title of a lessor, or the exercise of legal rights accruing to lessor.

2. **Evidence ⬥393(1)—Lease cannot be varied by parol evidence.**

The terms of a lease cannot be contradicted, altered, added to, or varied by parol evidence, and the lease must be regarded as the complete and final agreement of the parties at the time it was executed as to all matters covered thereby.

3. **Evidence ⬥467—Waiver of covenant against subletting may be proved by parol.**

A waiver of a covenant against subletting may be proved by parol or other evidence dehors the contract.

4. **Landlord and tenant ⬥76(4)—Verbal understanding that tenant could sublet admissible on issue of waiver.**

Testimony that tenant had a verbal understanding that she could sublet the apartment *held* admissible on the issue of a waiver of a provision against subletting.

5. **Landlord and tenant ⬥112(2)—Acceptance of rent with knowledge of subletting waiver of right of forfeiture.**

Acceptance of rent with knowledge of a subletting *held* a waiver of the right to forfeit the lease for breaches of a covenant against subletting occurring during months for which the rent was accepted.

6. **Landlord and tenant ⬥76(3)—Acceptance of rent with knowledge of breach of covenant held not waiver of subsequent breaches.**

Acceptance of rent with knowledge of a subletting *held* not a waiver of all subsequent breaches of a covenant against subletting under a

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lease providing that no waiver of any breach of covenant shall be construed as a waiver of the covenant itself, or of any subsequent breach thereof.

7. **Landlord and tenant ⊚⇒34(2)—Reformation of instruments ⊚⇒20—Lease failing to express real agreement may be canceled or reformed.**

If by fraud, misrepresentation, or deceit the lessee was induced to sign the lease, or if because of a mutual mistake the lease failed to express the real agreement of the parties, the lease may be canceled or reformed by appropriate proceedings.

8. **Landlord and tenant ⊚⇒39—Lease determinative of rights of parties.**

Until a lease is either canceled or reformed, its provisions must be regarded as determinative of the rights of the parties.

9. **Landlord and tenant ⊚⇒112(2)—Payments for months which have already expired held not to extend tenancy.**

Payments for months which have already expired, and during which the tenant has used and occupied the premises, do not extend the tenancy after a forfeiture for breach of a covenant against subletting.

10. **Landlord and tenant ⊚⇒76(3)—Issue of waiver of covenant determined as of date when action was commenced.**

Whether there was a constructive waiver of a covenant against subletting must be determined as of the date when the action was commenced, in view of Act May 22, 1922, § 9, par. (d).

Error to the Municipal Court of the District of Columbia.

Suit by John E. Merritt against Florence Means Kay. Judgment for defendant, and plaintiff brings error. Motion to dismiss writ of error denied. Judgment reversed, and case remanded.

Webster Ballinger, of Washington, D. C., for plaintiff in error.

J. I. Peyser, Theodore D. Peyser, and Maud Fellheimer, all of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is a writ of error to the municipal court of the District of Columbia for correction of any errors that may have been committed in a suit commenced by John E. Merritt for the restitution of certain premises alleged by him to be unlawfully detained by Florence Means Kay.

The record discloses that on the 28th of February, 1922, Higbie & Richardson, a corporation, in consideration of the payment to it in advance of $55 on the 1st day of every month, let and demised by its written lease to Florence Means Kay an apartment in the Rochester apartment house. The lease contained a covenant that the lessee would not sublet or assign the premises or any part thereof to any person or persons, and expressly provided that the waiver of any breach of any covenant should not be construed as a waiver of the covenant itself or of any subsequent breach thereof.

Prior to the execution of the lease Florence Means Kay had a verbal understanding with Frank L. Lockwood, an employee of Higbie & Richardson, Inc., that she would be permitted to sublet the apartment. Before the lease was signed by the parties, Lockwood informed Higbie, officer of the corporation, of that understanding, and Mr. Higbie, with full knowledge that Florence Means Kay intended to sublet, signed the

lease for the corporation. It is admitted by the plaintiff in error that the lessee on the execution of the lease entered into possession of the apartment, furnished it, and promptly sublet it to Dr. and Mrs. Brown. Higbie & Richardson, Inc., knowing at the time the lease was executed that the premises would be sublet, accepted rent from the lessee from March 1, 1922, to July 1, 1922.

The plaintiff in error was the owner of the Rochester apartment house, and he was the undisclosed principal of Higbie & Richardson, Inc., which was authorized to execute the lease involved in this proceeding. About July 1, 1922, plaintiff in error terminated the agency of Higbie & Richardson, Inc., and he himself collected from the lessee the rents accruing on the apartment for the months of July and August, 1922. He testifies, however, that he made those collections without knowledge of the subletting, and the evidence establishes that he had no actual information that the apartment had been sublet until the 22d of August, 1922. On that date he received a letter from the lessee, informing him that her tenants, Dr. and Mrs. Brown, had vacated the apartment because it was so poorly kept, and that Capt. Cheatham, to whom she had subsequently rented it, was about to move for the same reason.

Notwithstanding that letter, he received between September 15th and September 19th a check from the lessee for the September rent, which check was not returned, although he claimed that it was inadvertently accepted. In fact, the owner by his letter dated September 19th acknowledged receipt of the September rent, and notified the lessee that she must cease subletting the apartment or surrender the same on September 30th. The apartment was twice sublet after that letter was sent to the lessee. On the 27th of September, 1922, the lessee forwarded to the owner her check for $55 in payment of the October rent. That check was returned on September 29, 1922, with the statement that suit had been filed to recover possession of the apartment. That suit was dismissed, and the suit now under review was commenced on October 9th, prior to which date the lease was assigned to the owner by Higbie & Richardson, Inc.

Plaintiff in error contends, first, that Higbie & Richardson, Inc., had no authority whatever from the owner to lease the premises with the privilege of subletting, and that it was error upon the part of the trial judge to admit over objection testimony tending to establish that the defendant had a verbal understanding with Higbie & Richardson that she could sublet the apartment; second, that the lessee, by subletting the premises, violated the express terms of her written lease, and that her right by herself or subtenant to the possession of the premises had terminated at the time this suit was commenced; third, that the rent law approved October 22, 1919, expressly prohibited the subletting without the consent of the rent commission of any apartment at a rate in excess of that paid by the tenant.

[1] Merritt was an undisclosed principal and permitted Higbie & Richardson, Inc., to make leases of his property in its own name. The defendant did not know that the corporation was the agent of Merritt, and was not put upon inquiry as to the nature and extent of the authority or powers which the corporation was authorized to exercise as

lessor of the apartment. Indeed, having accepted a lease from Higbie & Richardson, the lessee was in no position to question the title of her landlord or the exercise of the legal rights accruing to the corporation by virtue of its status as lessor. Holt v. Martin, 51 Pa. 499; Ryerson v. Eldred, 18 Mich. 12, 21, 22; Bertram v. Cook, 32 Mich. 518, 521.

[2] The terms of the lease could not of course be·contradicted, altered, added to, or varied by parol evidence, and the lease must for the purposes of this case be regarded as the complete and final agreement of the parties at the time it was executed as to all matters provided for therein or covered thereby.

[3, 4] Whether the lessor waived the covenant against subletting, or permitted its tenant to sublet, is quite another matter, however, and such waiver or permission may be proven by parol or other evidence dehors the contract. The testimony to which objection was taken, although not competent for the purpose of varying the lease, was admissible as evidence tending in some degree to show that Higbie & Richardson, Inc., was aware of the subletting of the premises to Dr. and Mrs. Brown and to Capt. Cheatham, during whose possession as subtenants it accepted from the lessee month after month without objection the rent provided by the lease.

[5, 6] That Higbie & Richardson, Inc., by accepting rent from March to July, waived its right to forfeit the lease because of the subletting to Dr. and Mrs. Brown and Capt. Cheatham, and that the owner himself waived the subletting to both subtenants by accepting rent for the month of September after notice of the subletting, cannot be doubted. If the lessee had simply covenanted not to sublet, those waivers might well be regarded as working a waiver of all subsequent breaches of the condition, and as entirely freeing the tenant from the obligation not to sublet. No such effect, however, can be given to the waivers mentioned, in view of the fact that the lessee, not only stipulated that she would not sublet, but expressly agreed that no waiver of any breach of that covenant of the lease should be construed as a waiver of the covenant itself or of any subsequent breach thereof.

[7-9] If by fraud, misrepresentation, or deceit the lessee was induced to sign the lease, or if because of a mutual mistake the lease failed to express the real agreement of the parties thereto, the contract might be canceled or reformed by appropriate proceedings had for that purpose. But until the lease is either canceled or reformed its provisions must be respected and regarded as determinative of the rights of the parties. Supreme Lodge v. Catherine Wood, 286 Fed. 998, 52 App. D. C. 334; Insurance Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674. Having been warned in writing not to sublet in case the leased premises were vacated by Capt. Cheatham, and having twice sublet the apartment after Capt. Cheatham moved out, the lessee under the terms of her written agreement forfeited the lease and her right to possession, unless the owner after the last subletting and·before commencing suit accepted rent in advance. The transcript on appeal does not disclose that the lessee paid or that the owner accepted any rent in advance for the premises subsequent to the last subletting. Indeed, it affirmatively appears from the record in the municipal court that the check tendered as payment in advance of the October rent was returned to the lessee. Payments

for months which have already expired, and during which the tenant has used and occupied the premises, does not extend the tenancy. Byrne v. Morrison, 25 App. D. C. 72; Edwards v. Totten, 48 App. D. C. 416, 418; Chiera v. McDonald, 121 Mich. 54, 79 N. W. 908; Cleve v. Mazzoni (Ky.) 45 S. W. 88.

[10] The motion to dismiss the writ of error on the ground that the owner, after the present suit was commenced, accepted rent in advance for the premises, cannot be entertained. The motion is based on affidavits which state that the rent for the premises was paid every month in advance up to March 1, 1923, with the exception of the month of October, 1922. Plaintiff's affidavits in opposition positively declare that the owner accepted no payments in advance, and that the checks received had been accepted as compensation for use and occupation of the premises for the month preceding their receipt. A letter of the owner attached to defendant's affidavits calls attention to the fact that the check for the month of October rent, which was returned, was not renewed, and that in consequence subsequent payments were applied to the previous month, and not in satisfaction of advance rent.

Assuming that the owner had no right to apply the checks, sent to him after suit was commenced, to rent actually due, or in satisfaction of the amount accruing for use and occupation, and that the tenant was not bound by the notice of the owner that they were so applied, the fact remains that on October 9, 1922, the covenant against subletting was not waived and that the owner was then entitled to a judgment for possession and for the October rent. Section 1226 of the Code. The record does not disclose that possession of the premises has been surrendered, or that the rent in arrears or the rent which became due for March, 1923, and subsequent months, has ever been paid. Whether there was a constructive waiver of the covenant of subletting must be determined as of the date when the action was commenced. Even the rent law, which was not passed for the benefit of landlords, unmistakably recognizes that principle by providing that while proceedings for possession are pending, rent may be accepted by the landlord without waiver of any right accruing to him under the terms of the lease. Paragraph (d) of section 9 of the Act of May 22, 1922 (42 Stat. 548). As the condition of the lease against subletting was not waived prior to the commencement of the suit for possession, and as the acceptance of rent thereafter did not operate as a waiver, we cannot say that the issue between the parties has become moot.

The motion to dismiss the writ of error is denied. The judgment of the municipal court is reversed, with costs, and the case is remanded for further proceedings.