## MEE v. MARLYN APARTMENT CO.

### COPELIN v. SAME.

### SAMUEL v. SAME.

#### Nos. 13–15.

Municipal Court of Appeals for the District of Columbia.

Dec. 10, 1942.

---

[4] Cases cited in Note 3.

Samuel L. Samuel, of Washington, D. C., for appellants.

James M. Earnest, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Defendants appeal from a judgment of the Landlord and Tenant Branch of the Municipal Court ousting them of possession of three certain apartments in the Marlyn Apartments. The judgment was predicated upon a violation of the following provision in the respective leases: "No animals, birds or pets of any kind shall be kept or harbored in the leased premises, without express consent in writing by the Lessor, and such consent, if given, shall be revocable by the Lessor at any time. * * *" The landlord had granted informal oral permission to keep dogs. Such permission was orally revoked on March 17, 1942. On April 2, 1942, the oral revocation was confirmed by a letter notifying the tenants that they must cease to keep their dogs in the leased premises by May 1, 1942, or surrender the premises. The landlord accepted rent in advance for the month of April.

In announcing his finding for the plaintiff, the trial judge ordered a stay for thirty days for the purpose of affording a further opportunity to the tenants to comply with the terms of the lease and remove the dogs; and ordered that if that were done the finding would be vacated. The tenants, however, did not avail themselves of this opportunity; but, instead, have perfected and prosecuted this appeal.

By designation of the appellee, the stenographic transcript of a former trial of the case before a different judge has found its way into the record. It does not belong there. It was not offered in evidence or considered by the trial judge. We have, accordingly, eliminated it from our consideration of the appeal. The second trial was also reported stenographically and the complete transcript is before us. Four errors are assigned, which we shall consider and decide separately.

(1) It is contended that there was error in holding that the breaches by the several defendants occurred on May 1, 1942, instead of March 17, 1942. Our examination of the record satisfies us that the breach occurred on May 1, 1942, which was the date fixed by the written demand of the landlord that dogs be removed from the premises. Plaintiff, therefore, had a right to rely upon said later date as the date of violation of the terms of the lease.

(2) The second error assigned relates to acceptance of rent for the month of April, 1942. Our ruling on the first assignment of error disposes of this contention, for, undoubtedly, the landlord had a right to accept rent for the period during which the notice was running without waiving the breach, extending the tenancy, or losing its right to sue.[1]

(3) Appellants next complain that the trial judge excluded evidence of plaintiff's statements and conduct, allegedly showing an estoppel to revoke permission to possess dogs. We think the ruling was correct under the parol evidence rule.[2] Under the terms of the lease it was at most a permissive right which could have been granted; obviously, therefore, there was a corresponding right to withdraw the permission at any time. In our view the trial judge correctly ruled that such conversations, conduct, or verbal assurances could not be construed as constituting an advance waiver of Provision 9 of the lease. At most, such conversations could have given no greater right to the tenants than a subsequent permission to keep dogs; and such later permission, whether oral or in writing, was subject to revocation under the terms of the lease at the will of the landlord.

(4) Appellants contend that the provisions of the District of Columbia Emergency Rent Act[3] prohibited plaintiff from maintaining these proceedings. They claim to have had a privilege to possess

---

[1] Byrne v. Morrison, 25 App.D.C. 72; Maxwell v. Brayshaw, 49 App.D.C. 57, 258 F. 957; Boss v. Hagan, 49 App.D.C. 106, 261 F. 254, 8 A.L.R. 1508; McCoy v. Duehay, 51 App.D.C. 363, 279 F. 1001.

[2] Merritt v. Kay, 54 App.D.C. 152, 295 F. 973.

[3] Public Law 327, 77th Congress, approved December 2, 1941, 55 Stat. 788, D.C.Code 1940, § 45—1601 et seq.; 69 W. L.R. 1189.

dogs which was "frozen" by said Rent Act and which could. not be revoked by the landlord, although it is clear that all of them brought their dogs into the building after the effective. date of. said Act. They refer to Section 11(b) of the Act which defines services as "light, heat," etc., "and any other privilege or facility connected with the use or occupancy of housing accommodations."

We rule that, in the circumstances of this case, the right to keep dogs on the premises was neither a privilege nor a facility within the meaning of the Rent Act. We are satisfied that no rights of these tenants have been invaded, that there was a clear showing of a violation of the terms of the lease, and that the judgment below was correct and should be

Affirmed.