### KLEIN v. LONGO et al.

#### No. 121.

Municipal Court of Appeals for the District of Columbia.

Nov. 1, 1943.

Herman Miller, of Washington, D. C., for appellant.

John Paul Jones, of Washington, D. C., for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellees filed a complaint for possession of an eight room house which they had leased to appellant for use as a rooming house. Possession was sought on the ground that the tenant was violating an obligation of his tenancy. The substantial allegation

of the complaint is that appellant "has suffered and permitted the property to deteriorate unreasonably and become uninhabitable." This we take to charge the commission of waste.

The trial court filed opinions following the trial and the submission of a motion for new trial, wherein it found that appellant had failed to repair damages caused by careless use of the property, as required by an express covenant of the lease, and the condition of the premises had been growing progressively worse; and concluded that the owner should not be compelled to wait until the house was completely ruined before retaking possession.

There was evidence that prior to appellant's lease the house had been occupied by appellees as their home and was in "perfect" condition. Appellant has rented each of the eight rooms and the attic to different families. Appellees' witness testified that twenty-eight persons occupy the house, while appellant's manager testified there were about eighteen adult persons. To adapt it to this onerous use appellant has installed eight gas stoves, running exposed pipes from the basement through the floors, has erected a partition in one room in violation of an express condition of the lease, has placed padlocks on the doors opening into each of the various rooms, and has let plaster, wallpaper and broken windows go unrepaired. The gate is detached from its hinges, the fence is broken down, and early in his tenancy appellant removed a fig tree from the yard and presented it to a friend.

Some of these subjects of complaint occurred soon after appellant took possession, others at various times during the three year interval prior to the filing of the suit. Some were very recent. Appellant claims that the acceptance of monthly rent operated as a waiver of the more substantial breaches of the lease; that those of recent origin were inconsequential, and that the delay in repairing the recent items of damage was due to an existing labor shortage.

■■■ That a lessor may waive the breach of a specific covenant by delay in enforcement, or by the subsequent acceptance of rent, is unquestioned.[1] But acts which constitute a breach of an express covenant may also be of such a nature that followed by other instances of abuse of the property by the tenant, an injury to the reversion results, which the law characterizes as "waste". The waiver implied by acceptance of rent and failure to terminate a tenancy upon the breach of such a specific provision does not, under these circumstances, exclude it from consideration when the issue is whether the conduct of the tenant over a period of years justifies the finding that waste has been committed. The covenant not to commit, or suffer waste to be committed, does not have to be expressed; it is implied in every lease.[2]

■■■ The covenant to make repairs may be breached by the failure to replace the broken hinge of a gate, to reset a fallen fence, to mend broken plaster or to repaper walls. Each, in and of itself, may be too inconsequential to justify a forfeiture of the tenant's term. But when, as here, these circumstances concur, and are supplemented by acts evidencing a wanton disregard of the lessors' rights, a finding that such acts constitute waste is justified. The issue is one of fact, to be determined by the trial court.[3]

We find no error in the judgment under review. And when, as now, the duration of a lease as fixed by the agreement of the parties has been indefinitely prolonged by an emergency statute, the salutary requirement that tenants must exercise reasonable care in the use of valuable property is of increasing importance.

Affirmed.

[1] Merritt v. Kay, 54 App.D.C. 152, 295 F. 973; Walsh v. Cooper, D.C.Mun.App., 31 A.2d 883.

[2] United States v. Bostwick, 94 U.S. 53, 24 L.Ed. 65.

[3] Delano v. Smith, 206 Mass. 365, 92 N.E. 500, 30 L.R.A.,N.S., 474; see also Annotation in 3 A.L.R. 672.