## BERMAN v. SHANNON & LUCHS CO.
### No. 149.

Municipal Court of Appeals for the District of Columbia.

Jan. 14, 1944.

Henry M. Fowler, of Washington, D. C., for appellant.

William E. Carey, Jr., of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellee obtained judgment for possession of an apartment held by appellant un-der a monthly rent agreement, the trial court finding that a covenant against subletting had been breached.

The rent agreement stipulates that the tenant will not "sublet the whole or any part of said premises without the written consent of landlord first had and obtained." It also provides that no waiver of any breach "shall be construed to be a waiver of that condition or agreement or of any subsequent breach thereof."

In 1940, and again in 1942, appellant received verbal permission to sublet the premises to certain persons whose names were submitted to and approved by appellee. Later appellee discovered that appellant had sublet to another person without submission of his name or requesting permission. Thereupon she was notified by letter that she would not be permitted to sublet the apartment, and "when the current tenant leaves the premises, you will be obliged to either occupy the apartment yourself or relinquish possession."

The tenant then in possession subsequently moved from the premises and appellant, without permission, again sublet to a person now in occupancy.

Appellant testified that she had been given verbal permission to sublet for the duration of the war; that this occurred in February, 1940, when she sublet to one Carroll. That such an agreement was made was denied by appellee's witness.

The parties to the rent contract have agreed that no waiver of a breach of the covenant against subletting may be construed as an impairment of the covenant itself. Such a provision is valid and binding upon the tenant.[1] It is, therefore, unnecessary for us to decide the effect, if any, to be given repeated waivers of breaches of the covenant in the absence of such a stipulation.

The only substantial issue at the trial was whether the landlord had waived the covenant by agreeing that the tenant might sublet without obtaining consent "until the end of the war." Denial by the landlord created an issue of fact, decided adversely to appellant by the trial judge after hearing the testimony. We find no ground for disturbing his decision.

Affirmed.

---

[1] Merritt v. Kay, 54 App.D.C. 152, 295 F. 973; Hall v. Henry J. Robb, Inc., D.C.Mun. App., 32 A.2d 707.