**SHAY et ux. v. RANDALL H. HAGNER & CO., Inc.**

No. 190.

Municipal Court of Appeals for the District of Columbia.

June 30, 1944.

Rehearing Denied July 10, 1944.

James J. Laughlin, of Washington, D. C., for appellants.

Ellis B. Miller, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

After fourteen months of litigation in three courts this case is again before us. It was commenced on April 15, 1943 in the Landlord and Tenant Branch of the Municipal Court. Plaintiff charged that defendants were violating an obligation of their tenancy by maintaining a dog in their apartment in violation of a covenant of their lease, and had refused to comply with said covenant upon the landlord's demand. Plaintiff therefore claimed possession under Section 5(b) (1) (b) of the Emergency Rent Act. Code 1940, § 45—1601 et seq.) It was awarded a judgment for possession and defendants appealed to this court. Shay v. Randall H. Hagner & Co., D.C.Mun.App., 34 A.2d 358. We there stated the facts as follows:

"When defendants first took possession they had no dog in the apartment. Four or five months later they brought one in. The resident manager told Mr. Shay that because this was the first dog in a court apartment (which theirs was) the dog would have to be removed if there were any complaints. Some ten months later, in February, 1943, acting on complaints made by other tenants, landlord wrote to defendants and to five other tenants who had dogs to remove them from the building. Subsequently all complied except these defendants. They agreed to remove the dog by March 1; but despite the promise and despite two additional demands, they had not done so up to April 15 when suit was filed in the trial court. The showing just recited was made entirely by plaintiff and was uncontradicted; defendants offered no evidence."

We held that since the lease prohibited keeping of dogs in the apartment and since the landlord had only conditionally granted permission to keep the dog there, it had the right to withdraw such permission and demand the removal of the dog; and that tenant's refusal to comply constituted a breach of the lease. We also held that there had been no waiver of the covenant prohibiting keeping of dogs, because the lease provided that a waiver of a breach of the covenant was not to be construed as a waiver of the covenant itself or of any subsequent breach. We cited Merritt v. Kay, 54 App.D.C. 152, 295 F. 973. We also cited Mee v. Marlyn Apartment Co., D.C.Mun.App., 31 A.2d 864, in which we had in similar circumstances ruled that there was no waiver and that the keeping of dogs was not a privilege within the meaning of the Rent Act.

Appellants filed a petition for rehearing, and for the first time raised the point that the right to keep a dog was a "privilege or facility connected with the use and occupancy of housing accommodations" within the meaning of section 11(b) of the Rent Act. Code 1940, § 45—1611(b). Appellants had not made that contention at the

618

crial or in their motion for new trial. They had not urged it in their assignments of error, in their brief on appeal, or upon oral argument before us. On the contrary, their brief recited that the suit had been defended on the ground of waiver. In the brief they presented the question thus:

"A single question of law is involved in this appeal. Where the dog in question was kept in the apartment for a considerable period of time with the knowledge of the landlord is there a waiver of the covenant?"

Waiver, and not the question whether keeping dogs was a "service" or "facility" under the Rent Act, was the issue presented to and decided by us.

We overruled the petition for rehearing,[1] and a petition for allowance of appeal was filed in the United States Court of Appeals. It recited the fact that an appeal had been allowed to review our decision in the Mee v. Marlyn Apartment case, supra, and that before the case was heard the appeal was dismissed by agreement. It urged a review in order to have the question settled by that Court. The appeal was denied.[2]

When the case was returned to the trial court, defendants (appellants) filed a motion "for stay of execution and for reconsideration", on the same grounds on which they had based their petition for rehearing in this court and their petition for appeal in the United States Court of Appeals. The trial court overruled appellants' motion and this appeal was thereupon taken.

 Leaving aside the proposition, that at the original trial the judge was given no opportunity to pass upon the question (McDevitt v. Waple & James, Inc., D.C.Mun.App., 34 A.2d 39) it is clear that this appeal is completely without merit. The identical question now raised by appellants was decided by us adversely to their position in Mee v. Marlyn Apartment Co., supra, months before this cause was commenced in the trial court. They could have, but did not raise the defense at the trial. Nor did they urge it at any later stage of the case until after our decision had been rendered. Failing in that effort, and in their effort to secure a further review by the United States Court of Appeals, they attempted to re-litigate the issue upon their new theory, in the trial court, by presenting their motion for stay and for reconsideration. The trial judge very properly refused to sanction such procedure, for it was without legal justification. There is even less justification for making it the basis of a new appeal.

The circumstances are such that the appeal might very properly be dismissed. But since briefs have been filed and argument heard, we deem it wiser to affirm on the merits.

Affirmed.

[1] For an interesting discussion of the function and purposes of such petitions, see Hein v. Pungs, 9 App.D.C. 492.

[2] United States Court of Appeals, No. 8635, February 12, 1944. (No opinion.)