## WASHINGTON REALTY CO., Inc., v. HARDING.

### No. 337.

Municipal Court of Appeals for the District of Columbia.

Feb. 11, 1946.

Herman Miller, of Washington, D. C., for appellant.

Paul J. Sedgwick, of Washington, D. C., for appellee.

Before CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

The appellant brought an action for possession of real estate, alleging in its complaint that the tenant was violating an obligation of her tenancy by subletting part of the leased premises. At the trial plaintiff introduced evidence that defendant's tenancy commenced in 1939 under a lease which had since been assigned to plaintiff and that defendant had paid rent to the plaintiff following such assignment, thereby acknowledging the landlord and tenant relationship. The president of plaintiff corporation testified that, upon assuming the managership of the property in April 1944, he inspected the premises and found them to be divided into three apartments and half a dozen single rooms that were being rented to various individuals, and that on July 26, 1944, he wrote the defendant demanding that she stop subletting the premises. He testified that plaintiff had never accepted rent in advance from defendant. The plaintiff also called the defendant who testified that she was operating a rooming business on the premises in question, and that she did not live there herself. She identified the persons occupying the various rooms and apartments. It appears from her testimony that some sixteen people resided on the two floors covered by this lease and that several had lived there for two or three years while others moved in and out every two or three months. At the close of the plaintiff's evidence, the court granted defendant's motion for a directed verdict. Plaintiff appeals, charging that the court erred in directing the verdict.

From a study of the record, we think plaintiff made out a case from which the jury could reasonably infer that the tenant had sublet a part of the premises and thereby violated her lease. Under these circumstances, we must hold that the trial court erred in taking the case from the consideration of the jury.

In ruling on a motion for a directed verdict, the trial court must consider the evidence of the party against whom the verdict is sought as true and must view it in

a light most favorable to him, and with all reasonable inferences drawn in his favor. If his case, when viewed from that vantage point, is sufficient for consideration by the jury, that consideration may not be denied the party by the court.[1]

■■ Here the lease provided that the tenant would use the premises for a dwelling and that she would not sublet the whole or any part of the premises without prior written consent of the landlord.[2] In the face of these restrictions, the defendant testified that she did not reside on the premises and that the two floors were occupied by various people in separate rooms and apartments. We have held, in Beall v. Everson, D.C.Mun.App., 34 A.2d 41, that renting a portion of one's apartment to a roomer does not constitute a subletting because the roomer, as distinguished from a tenant, is not the purchaser of an estate entitled to exclusive legal possession. He has merely the right to the use of the premises. Here the specific arrangements under which the residents occupied the premises are not shown but the plaintiff's president and the defendant herself testified that there were "apartments" and that some of the residents had occupied the premises for as long as two or three years. The word "apartments" in its usual and ordinary connotation signifies that the occupants acquired exclusive possession and are tenants rather than roomers. The indication that the occupants of the apartments had exclusive possession is strengthened by defendant's testimony that she does not live on the premises. While the significance here given this evidence might have been weakened or even overcome by testimony introduced by defendant if the case had proceeded without a directed verdict, here it represents a part of plaintiff's evidence which must be considered in its most favorable light and with all reasonable inferences drawn in his favor. When examined in that light, we think it constituted a case sufficient for jury consideration.

■ In directing the verdict the trial judge ruled not only that the evidence did not show subletting, but also that it did establish a waiver on the part of the landlord. With respect to the latter point, it is well established that the landlord may waive a breach of a condition in the lease by accepting rent in advance after knowing of the violation.[3] Here, however, the president of plaintiff corporation testified that advance rent had never been accepted from the defendant. Waiver is ordinarily an affirmative defense to be set up and proved by the defendant. While there is no doubt that waiver is a valid defense if admitted by plaintiff himself, it must be revealed clearly in his evidence before it can be used as ground for directing a verdict against him. The lease provided that no waiver of a breach of any condition of the lease should be construed to be a waiver of that condition or of any subsequent breach thereof; and in view of the differing inferences which could be drawn from plaintiff's evidence, we do not think such evidence, as a matter of law, established a waiver.

In our opinion the evidence was such that it warranted submission to the jury, upon proper instructions from the court, of the questions whether there was a breach of the condition against subletting and, if so, whether there was a waiver of such breach.

Reversed with instructions to award a new trial.

---

[1] Birchall v. Capital Transit Co., D.C.Mun.App., 34 A.2d 624.

[2] The lease had expired but the holding over was subject to the applicable conditions of the lease. Hampton v. Mott Motors, Inc., D.C.Mun.App., 32 A.2d 247.

[3] Merritt v. Kay, 54 App.D.C. 152, 295 F. 973; Klein v. Longo, D.C.Mun.App., 34 A.2d 359.