**STEWART v. SHANNON & LUCHS CO.**
No. 367.

Municipal Court of Appeals for the
District of Columbia.

May 1, 1946.

Herman Miller, of Washington, D. C.,
for appellant.

William E. Carey, Jr., of Washington,
D. C., for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

In 1940 the defendant leased an apartment from the plaintiff. The lease contained an agreement by the tenant that "he will not keep any live animals or birds of any description in said premises without the written consent of Landlord first had and obtained." In 1945 the landlord sued for possession of the apartment, alleging that the tenancy had been terminated by a violation of the above quoted provision of the lease.

At trial the landlord offered evidence that the tenant had kept a dog in the apartment during the five years of the tenancy, and that prior to bringing suit the tenant had been told he would no longer be permitted to keep the dog and had been requested to get rid of the dog or move.

The tenant's wife testified that before her husband signed the lease she told the landlord's agent that she and her husband had a little dog and that unless they could keep the dog in the apartment she did not want the apartment; that the agent said he knew they had a dog and that it was all right; and that the agent visited the apartment building regularly and knew of the dog but made no objection until the spring of 1945. None of this testimony was denied by the landlord. The agent admitted he might have been informed prior to signing the lease that the tenant had a dog and he might have said there was no objection to keeping the dog in the apartment, but he could not remember exactly what was said; and he admitted he knew that the dog was kept in the apartment from the commencement of the tenant's occupancy.

At the close of the evidence the court directed the jury to return a verdict for the landlord. We think this was error.

■■ The oral testimony could not be used to vary the terms of the written lease but it was admissible on the question of whether the landlord had waived the covenant against keeping animals in the apartment. Merritt v. Kay, 54 App.D.C. 152, 295 F. 973. If the tenant's testimony were accepted as true, it established that prior to execution of the lease the landlord, through its agent, knew that the tenant intended keeping the dog on the premises and assured the tenant that it would be all right; that from the beginning of the tenancy and for nearly five years the dog was ·kept on the premises with the knowledge of the landlord, who without objection accepted rent during that time. This evidence, at the least, required submission to the jury of the question whether the landlord had waived the covenant.

■ It is true that the lease contained a provision to the effect that a waiver of any breach of any condition of the lease should not be a waiver of the condition or any subsequent breach thereof; but the evidence here tended to show a waiver, not of a breach, but of the covenant itself so far as this particular dog was concerned. Cf. Walsh v. Cooper, D.C.Mun.App., 31 A.2d 883. In this connection, it is noted that no contention is made that keeping the dog constituted a nuisance. The dog is described, without contradiction, as small and well-behaved, and now eleven years of age.

■ Furthermore, if the evidence tended to show merely a waiver of a breach and not a waiver of the covenant itself, we think keeping the same dog on the premises would no more constitute a continuing breach than a subletting to one tenant. And Merritt v. Kay, supra, held that a landlord who, with knowledge of a subletting in violation of the covenant of the lease, accepts rent in advance thereby waives his right to enforce the covenant with respect to that particular subletting.

The landlord relies heavily on two cases decided by this court, namely, Mee v. Marlyn Apartment Co., D.C.Mun.App., 31 A.2d 864, and Shay v. Randall H. Hagner & Co., Inc., D.C.Mun.App., 34 A.2d 358. Neither of those cases is applicable. In the Mee case [31 A.2d 865], the lease provided that if consent to keep a dog was given, "such consent, if given, shall be revocable by the Lessor at any time"; and in the Shay case the oral permission to keep the dog was conditioned that "the dog would have to be removed if there were any complaints." Thus in both of those cases consent was given on express condition that it could be revoked. Nothing of that sort appears in this case.

Reversed with instructions to grant a new trial.