### BANKS v. TORRE.
### No. 562.

Municipal Court of Appeals for the
District of Columbia.

Dec. 12, 1947.

De Long Harris, of Washington, D. C. (Harvey L. Hughes of Washington D. C., on the brief), for appellant.

Herman Miller, of Washington D.C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Asociate Judge.

This was a suit to recover possession of rented premises upon the ground that defendant had violated a covenant of the landlord and tenant agreement against subletting and another covenant that the property would be used only for dwelling purposes. Judgment was entered upon a directed verdict for plaintiff for possession and defendant has appealed.

The premises were rented originally in 1939 under a written landlord and tenant agreement between defendant and Edward D. Coleman who was not the owner of the property.[1] Coleman excuted the agreement in his own name as landlord. By the terms of this agreement defendant became a monthly tenant. Such agreement provided that the premises should be used as a private dwelling. The tenant also agreed not to "sublet said premises or any part thereof." The agreement provided further that if any of its conditions or agreements were violated it should at the option of the lessor, his heirs or assigns, forthwith cease and determine. Another provision was that the tenant should "acknowledge and recognize as landlord, any assignee or transferee of this agreement." This writing was received in evidence. There was also received a so-called assignment on its reverse side. This assignment, dated October 20, 1939, recited that for value received the assignor transferred, assigned and set over unto (blank) all the right, title and interest of the assignor in the agreement. Under such recital was written the name "Edward D. Coleman (Seal.)" The introduction into evidence of this assignment was objected to by defendant on the ground that it was in blank and also that there was no proof of the signature of Edward D. Coleman.

Plaintiff Torre did not appear at the trial and there was testimony that the original lessor, Mr. Coleman, had died several years previously. Plaintiff's sister testified that she was office manager for her brother and had been employed in his office from some time previous to 1941 to date. She identified the agreement upon which the

---

[1] The owner was produced as a witness for plaintiff, but, upon objection of defendant, was not allowed to testify.

suit was based as the rental agreement between Mr. Coleman and defendant, and said that it had been given to her brother by Mr. Coleman and had been in her brother's safe since 1940; and that shortly before the present suit was filed she had observed a shoe shine stand and some men working in the basement room of the premises. Other evidence was to the effect that defendant had used the premises continuously as a rooming house and at one time had operated a restaurant there, both with the knowledge of plaintiff and of Mr. Coleman, and also that defendant had paid rent to Mr. Coleman until his death in 1940 and since that date had regularly paid rent to plaintiff and had corresponded with plaintiff about operating a rooming house; also that defendant had subrented to another the front basement room of the premises to be used as a shoe repair shop, that he had received rent therefor, and that at the time of the trial a shoe shine stand and counter were stored in the room but had not yet been used for the purpose indicated. None of this evidence was denied.

■ It was undisputed that the use of the premises as a rooming house and for a restaurant had been waived but there was no evidence of waiver of the violation of the lease by the subletting of the basement room for a shoe shine parlor. It made no difference that the room had not yet been used for the shoe shine business. This subletting being admitted and there having been no waiver, the action of the trial court in directing a verdict for plaintiff was fully justified,[2] provided the right of plaintiff to bring the action was sufficiently established.

■ Defendant urges that plaintiff did not have the right to bring the action and bases his position upon the grounds, first, that there was no proof of the signature of Mr. Coleman as assignor on the assignment and that the blank for the name of the assignee had never been filled in. Under other circumstances the position of defendant probably would be well taken. But here the monthly rental agreement between Mr. Coleman and defendant was identified by plaintiff's sister without objection, and defendant himself admitted signing such agreement. It was also undisputed that the agreement had been transferred by Mr. Coleman to plaintiff and that after its transfer defendant had regularly paid rent to plaintiff. Furthermore, and more important, defendant filed an answer to the suit and in such answer stated that he "admits that he holds the premises 611 M Street N. W. as a monthly tenant of plaintiff."

■ Such admission, we conclude, is fatal to defendant's position. He not only recognized plaintiff as his landlord but he also admitted his position as a monthly tenant and such position under the proof could only have arisen by reason of the landlord and tenant agreement in which he covenanted not to sublet the premises.[3] Defendant of course is bound by his answer.[4] On the clearest grounds of estoppel, therefore, defendant may not now claim that plaintiff could not sue to enforce the covenant against subletting.

No error appearing, the judgment is

Affirmed.

---

[2] Merritt v. Kay, 54 App.D.C. 152, 295 F. 973.

[3] Any verbal hiring by the month would have constituted defendant a tenant at sufferance. Code 1940, § 45—820.

[4] Balloch v. Hooper, 146 U.S. 363, 13 S.Ct. 128, 36 L.Ed. 1008, affirming 6 Mackey 421, 17 D.C. 421.