## MANCUSO v. SANTUCCI.
### No. 630.

Municipal Court of Appeals for the District of Columbia.

July 22, 1948.

Henry J. Siegman, of Washington, D. C., for appellant.

Joseph H. Schneider, of Washington, D. C. (Ben Lindas, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This is an appeal by a tenant from a finding and judgment awarding plaintiff possession of dwelling property which she claimed she required for her personal use and occupancy as authorized by the District of Columbia Emergency Rent Control Act. Code 1940, Supp.V, 45—1605.

Appellant charges that the trial judge erred in holding that a deed running to plaintiff vested in plaintiff a fee simple title to the property in suit. But the record does not show that the judge so held or that he made any ruling, or was requested to make any, concerning the legal effect of said deed. The deed, which was in evidence, recited that it conveyed a fee simple title, and reserved unto the grantor the right to the use, occupancy and income of the property, during his lifetime. But, as we shall explain, plaintiff's suit for possession did not depend upon the deed, but upon her status as landlord.

Appellant also charges that the trial judge erred in refusing to permit a brother of plaintiff, whom defendant had called as a witness, to testify as to who was the owner of the property in suit. We hold the ruling was correct. It was alleged and the testimony showed without dispute or contradiction that plaintiff was the landlord and that defendant was her tenant. It has always been the law in this jurisdiction that a tenant cannot dispute the title of his landlord, or attempt to set up title in himself or in a third person.[1] Moreover, the local Rent Act[2] does not require that the person suing for possession be the owner of a fee simple title. It is sufficient if the plaintiff be the landlord, as this plaintiff clearly was. The testimony tendered was therefore plainly inadmissible.

There is a further assignment of error which is also directed to a ruling on a question of evidence. During cross-examination of plaintiff it developed that she owned a house next door to the one in

---

[1] Merritt v. Kay, 54 App.D.C. 152, 295 F. 973; McFarlane v. Kirby, 28 App.D.C. 391; Morris v. Wheat, 11 App. D.C. 201; Koehne v. Harvey, D.C.Mun. App., 45 A.2d 780.

[2] Code 1940, Supp. V, 45—1611(g).

suit and that such next door house was vacant. Defendant's counsel asked plaintiff whether she would rent the house to defendant. Objection to the question was sustained. We think the ruling was proper. The house next door was nowise involved in this litigation and plaintiff owed defendant no duty whatever with reference thereto. Appellant argues that the question was proper as bearing on the good faith of plaintiff. But obviously there was no duty on the part of plaintiff to make the house next door, or any other property she might own, available to defendant. The question was completely irrelevant. The basic question was whether the plaintiff required the house in suit for her personal use and occupancy. The evidence amply supported the judge's finding that she did.

Other errors assigned have no support in the record or are without merit.

Affirmed.