## QUICK v. PAREGOL.
### Nos. 688 and 689.

Municipal Court of Appeals for the
District of Columbia.

Sept. 21, 1948.

Joseph H. Schneider, of Washington, D. C. (Ben Lindas, of Washington, D. C., on the brief), for appellant.

Goldie S. Paregol, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

These appeals are from judgments in favor of a landlord against a tenant for possession of two adjoining properties. On June 5, 1947, Thomas P. Brown by separate instruments leased the properties to the tenant by the month. The leases are on printed forms and are substantially identical. Each contains the following provision: "That tenant will use the same only as a dwelling (and not for any business purposes) and will not sublet, assign or transfer said premises, or any part thereof, or take in roomers, lodgers or boarders therein, without the written consent of the landlord first had and obtained." On December 10, 1947, appellee contracted to purchase the properties and she took title February 18, 1948. When the tenant tendered the March rents appel-

408

lee refused to accept them and brought these actions (which were consolidated for trial) on the ground the tenant had violated the terms of the leases by using the properties for business purposes. and by subletting.

Appellee testified that in the period between signing the contract to buy and settlement thereof she first learned that the premises were being used for rooming house purposes. The tenant testified he was a rooming house proprietor and had approximately thirty-five rooming houses. He further testified that when the leases were executed there was an understanding between him and the landlord that he would use the properties for rooming house purposes. The trial court directed the jury to disregard this last statement, and at the conclusion of the evidence directed a verdict for appellee.[1]

■ The court was in error in directing a verdict against the tenant. The testimony as to the oral understanding between the tenant and the original landlord at the time of making the leases was admissible on the question of waiver by the landlord of the provision against use of the premises for a business and taking in roomers, and such evidence presented a question of fact for the jury. While parol evidence is not admissible to vary the terms of a written lease, it is admissible to show a waiver of a condition of the lease. Merritt v. Kay, 54 App.D.C. 152, 295 F. 973; Stewart v. Shannon & Luchs Co., D.C.Mun.App., 46 A.2d 863; Walsh v. Cooper, D.C.Mun.App., 31 A.2d 883. If the original landlord by his words and actions waived the condition, appellee in taking title subject to the lease would be bound by such waiver. Sol Apfel, Inc., v. Kocher, Sup., 61 N.Y.S.2d 508, affirmed without opinion, 272 App.Div. 758, 70 N.Y.S.2d 138.

Appellee insists that a prior waiver would not affect later breaches because of the provision in the lease, "that if, under the provisions of this agreement, default be made and a compromise or settlement shall be made thereon, then, it shall not constitute a waiver of any condition or covenant of this agreement or of any breach thereof." Appellee, for this contention, relies on Merritt v. Kay, supra. However, in that case the lease provision was that the waiver of any breach of any covenant should not be construed as a waiver of the covenant itself or of any subsequent breach thereof. The two provisions are quite different. Whether there was a default and a compromise or settlement, within the meaning of the provision in this case, cannot be ascertained until the tenant is allowed to fully develop his defense of waiver.

■ It is the contention of the tenant that not only did the original landlord waive the condition but that appellee herself waived it because at time of settlement of her contract to purchase she received credit for rent for the unexpired portion of the month, the seller having collected the rent in advance. This contention is without merit. Appellee accepted no rent from the tenant. There was merely an adjustment between herself and the seller of rent previously collected by the seller and appellee thereby waived no right she had against the tenant.

■ Appellee contends that these cases are moot because the tenant gave no supersedeas bond and because the tenant voluntarily surrendered possession of one or both of the properties. Failure to furnish a supersedeas bond does not waive the right of appeal. Dowling v. Buckley, 27 App. D.C. 205; Sechrist v. Bryant, 52 App.D.C. 286, 286 F. 456. A voluntary surrender of possession would make the case moot. Price v. Wilson, D.C.Mun.App., 32 A.2d 109: Cf. Lalekos v. Manset, D.C.Mun.App., 47 A.2d 617. However, appellant denies any voluntary surrender and we cannot determine this question of fact. It must be left to determination by the trial court on the new trial.

Reversed with instructions to grant a new trial.

[1] The record comes here in a most unsatisfactory state. It fails to show that the verdict was at the direction of the court but the parties in their briefs concede this fact. The statement of proceedings and evidence obviously does not summarize the entire testimony.