NOWINSKI

v.

RANDALL H. HAGNER & CO., Inc.

No. 1390.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 19, 1953.

Decided Nov. 18, 1953.

Denis K. Lane, Washington, D. C., for appellant.

Robert B. Frank, with whom Milton W. King, Bernard I. Nordlinger, and Wallace Luchs, Jr., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was sued for possession of an apartment on the grounds that she had violated a provision of her lease and was using the premises in such a manner as to constitute a nuisance. The provision of the lease allegedly violated was as follows: " * * * That the Lessee will not use said premises * * * in any manner which will disturb the tenants of the building or be offensive to any occupant of the building * * *."

Trial was by the court, and a judgment for possession was awarded to the landlord. The judge made findings in the landlord's favor on both grounds set forth in the complaint.

Two errors are assigned as the basis of this appeal: first, that the evidence as a whole does not support the court's finding; and, second, that the landlord had waived the covenant in question by the subsequent acceptance of rent.

██ Before we discuss these contentions, it should be noted that one of the grounds upon which this suit was based, i. e., the nuisance count, was covered by one of the provisions of the District of Columbia Emergency Rent Act[1] under which a landlord might regain possession of housing accommodations. The Act having expired on July 31, 1953, the question of nuisance has now become moot.[2] Thus we need only determine whether there was sufficient evidence to uphold the trial court's finding that appellant had violated a provision of her lease. We think there was. The gist of the landlord's complaint against Mrs. Nowinski was her piano playing. It was shown at trial that several of her fellow tenants were greatly disturbed by her playing, and it is apparent from their statements on the witness stand that her musical endeavors were offensive to them. At trial there was a sharp conflict in the testimony as to the length of appellant's practice periods, the hours at which they commenced and ceased, the quality of her playing, and the amount of noise that permeated various tenants' apartments. We see no need here to review this testimony at length, nor can we resolve the conflicting testimony of the witnesses for both sides. That is the function of the trial court.[3]

██ As to appellant's contention that there was a waiver of the covenant, the evidence shows that appellant had paid her rent monthly and that such rent was accepted by the landlord. These acceptances would undoubtedly operate as waivers of any past breaches of the covenant.[4] But we cannot agree that such waivers can be extended so as to include a waiver of the covenant itself. The lease between the parties recites "that no waiver of any breach of any covenant herein shall be construed to be a waiver of the covenant itself or of any subsequent breach thereof." Such clauses have been held effective in preventing waiver of a covenant by the acceptance of rent after the landlord has knowledge of a violation of the covenant.[5] Moreover, the constant disturbing of fellow tenants is a continuing type breach,[6] as opposed to a single breach such as subletting. In such cases whether there was a waiver must be determined as of the date when the action for possession was commenced.[7] In the instant case Mrs. Nowinski paid her rent for February on the 17th of that month. This suit was filed on the 18th, and the return date on the complaint was March 5. Thus the factual situation was very similar to the one we had in Hall v. Henry J. Robb, D.C.Mun.App., 32 A.2d 707, 709. There the suit for possession based on a breach of covenant was filed on February 23 and the rent for February accepted on the 26th, three days after filing the suit. Ten days remained before the case could be heard. In holding that there was no waiver of the breach, we stated:

"But did the acceptance of February rent on February 26, while the suit was pending, constitute a waiver? We think not. Defendant already owed for all of February except two days; and ten days remained before the case could be heard. * * * In paying the rent, defendant was only doing that which he was required to do and the landlord in accepting it was waiving

1. Code 1951, § 45–1605(b) (1) (b).

2. Smith v. Worksman, D.C.Mun.App., 99 A.2d 712.

3. Davis v. Professional Building Corp., D.C.Mun.App., 99 A.2d 754.

4. Klein v. Longo, D.C.Mun.App., 34 A.2d 359.

5. Merritt v. Kay, 54 App.D.C. 152, 295 F. 973; Williams v. Behrend, D.C.Mun.App., 55 A.2d 138.

6. Williams v. Behrend, supra.

7. Merritt v. Kay, supra.

no rights, but was simply accepting that which was his due."

That decision is controlling in the present case. Accordingly we rule that there was no waiver.

Affirmed.