Fleming BRISCO, et al., Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 82–193.

District of Columbia Court of Appeals.

Submitted Feb. 9, 1983.

Decided Feb. 25, 1983.*

Melvin A. Marshall, Washington, D.C., for appellants.

Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Steven H. Leventhal, Asst. Corp. Counsel, Washington, D.C., for appellee.

Before NEBEKER, PRYOR and TERRY, Associate Judges.

NEBEKER, Associate Judge:

This action comes on appeal from the trial court's entry of a directed verdict in favor of appellee, the District of Columbia, for possession of appellants' premises. Appellants claim that the trial court improperly removed from jury consideration the matter of the exact amount of back rent due. Finding no error, we affirm.

■ It is undisputed that Mrs. Brisco acknowledged upon the witness stand, when questioned by the trial judge, that she owed back rent. She stated so three times. It is also undisputed that the District sought only possession and not payment of back rent. The trial court therefore appropriately entered judgment for possession for the District after appellant's admission.

■ We recognize that "in ruling on a motion for a directed verdict, the trial court must consider the evidence of the party against whom the verdict is sought as true and must view it in a light most favorable to him, and with all reasonable inferences drawn in his favor." *Washington Realty Company v. Harding,* 45 A.2d 785, 786 (D.C. 1946). Nevertheless, in a landlord's action for possession, where the tenant has ac-

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on February 25, 1983. Appellee's Motion for Publication was granted by the court.

knowledged owing back rent, the landlord is entitled to possession. Appellants plainly misconstrue the nature of the accounting called for upon entry of judgment for possession for the District. This is solely an equitable accounting, beyond the competence of the jury, permitting the tenant to stay eviction by payment of all back rent. *See Trans-Lux Radio City Corp. v. Service Parking Corp.*, 54 A.2d 144 (D.C.1947). In short, we can perceive few more compelling circumstances for entry of a directed verdict.

Accordingly, the judgment of the trial court is

*Affirmed.*