10TH AND 5TH, INC., Landlord, v. BONNIE ARROWSMITH, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, December 13, 1945.

*Robert S. Garson* and *Allen H. Suffern* for landlord.

*Murray H. Blumenfeld* for tenant.

McNULTY, J. This holdover summary proceeding is based on the theory that the lease in question has terminated and come to an end by virtue of a conditional limitation contained therein, after appropriate written notices had been given to the tenant by the landlord. Under current conditions what the landlord seeks amounts to a forfeiture of the lease. The contract of lease in question is on a printed form with a few blanks to be filled in, and is denoted " STANDARD FORM OF APARTMENT LEASE THE REAL ESTATE BOARD OF NEW YORK, INC." The significant clauses of this lease with reference to this dispute are numbers 21 and 22. The former deals with the nature of the occupancy and specifies " strictly private dwelling apartment," and the latter covers the subject of waiver by the landlord. In addition, clause 16 sets forth the conditional limitations upon which this proceeding is based. All these clauses are an integral part of the entire printed lease. It is the landlord's contention that because the tenant continued violating clause 2, after appropriate notices, it is entitled to bring these proceedings under clause 16 to terminate the lease. Further, that by virtue of clause 22 no past waivers of this violation are of any effect.

The facts in this case are hardly in dispute. The tenant, a registered nurse, uses these premises, a four-room apartment, for her home and also for a place to hold professional consultations and to give professional treatment. This latter phase of the occupancy is the basis of the landlord's claim that the lease has been violated. The tenant has lived in the same apartment for upwards of eight years, during which period her occupancy has been the same, and has annually renewed her tenancy by signing a lease, substantially the same as the one in question herein. The landlord's agent conceded that he has known of

the nature of the occupancy since he has been at the premises, and the tenant stated that she always maintained a sign germane to her business in a window of her apartment, which sign was visible from the sidewalk of Fifth Avenue. Further, she stated that up until recently she had a similar sign on the door leading into her apartment. There was some indication that the rent charged for this apartment was based on this occupancy, but unfortunately, the tenant's attorney did not offer proof on the subject once an objection was raised. The record also indicates that attempts have been made to have the Office of Price Administration rule that this apartment space was not within their rent control regulations, and those attempts have been unsuccessful. Hence these proceedings have been instituted.

On the basis of the record before me the sole question to be determined is one of waiver or estoppel. Can a landlord sit back over a period of many years knowing full well the nature of his tenant's occupancy, signing lease after lease with that tenant, and then at long last determine that this type of occupancy is a violation of the lease? This landlord claims that it can and bases its claim on the twenty-second clause of this lease. It is clear that this clause was intended to get away from the rule of the earlier cases in this State in which it has been held that knowledge of one breach of a covenant, which breach had been waived, nullified that covenant. But in this situation we have scores of waivers of the breach with knowledge of the violation, and numerous similar printed form leases signed with knowledge of the nature of the occupancy. Can any court hold that the waiver clause is still effective with respect to the covenant pertaining to the occupancy in the face of these facts? I think not.

Considerable research on the part of the court has failed to locate any case in point on the force and effect of a similar clause in any lease. Nevertheless, it is believed that the language of the late Mr. Judge CARDOZO in *Beatty* v. *Guggenheim Exploration Co.* (225 N. Y. 380, 387) sustains the conclusion reached herein. (See, also, *Ireland* v. *Nichols,* 46 N. Y. 413.)

The landlord having signed a new lease with this tenant knowing full well the nature of the tenant's occupancy over a period of seven years has either waived the strict provisions of clause 2 of this lease or is estopped now from claiming that this occupancy is a violation of the terms of the lease. Any other result would constitute an entrapment of and work a fraud upon this tenant. Final order for the tenant, dismissing the precept and petition.