share of all estate taxes. In the eighth paragraph of her will she directed that the corpus of the *inter vivos* trust become part of her residuary estate. In the sixth paragraph she charged that residuary estate as augmented by the appointive fund with the payment of all estate taxes. The testatrix could have employed no clearer method of expressing her intent to charge the appointive fund with its proportionate share of the estate taxes.

After the special guardians have filed their respective reports, if no objections are filed to the account, a decree may be submitted on notice construing the will and settling the account.

10TH AND 5TH, INC., Landlord, Appellant, *v.* BONNIE ARROW-SMITH, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, May 16, 1946.

*Henry N. Rapaport, Robert S. Garson* and *Jack E. Bagon* for appellant.

*Julius Wolfson* for respondent.

Final order affirmed, with $25 costs.

Concur: HAMMER, EDER and HECHT, JJ.

PLAYLAND HOLDING CORPORATION, Landlord, Appellant, *v.* WILLIAM NUNLEY et al., Tenants, Respondents.

Supreme Court, Appellate Term, Second Department, March 26, 1946.