Herman Miller, Washington, D. C., for appellant.

Bernard I. Nordlinger, Washington, D. C., with whom Milton W. King, Wallace Luchs, Jr., and Ellis B. Miller, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Having considered appellee's motion for a rehearing and appellant's reply thereto, we have concluded that such motion should be overruled. However, one point in our previous opinion apparently requires amplification.

**NEWLIN v. WEAVER BROS., Inc.**

**No. 849.**

Municipal Court of Appeals for the District of Columbia.

Decided Dec. 14, 1949.

The statement of proceedings and evidence recites that when appellant moved into the apartment in 1938 he had discussed his dog with the "then owner, Mr. Morris Silver"; and that in 1942 "he talked with Mr. Silver about the dog [a second dog] before he signed the lease" with appellee, a real estate agent who was named as landlord in the lease. Appellee objects that there was no evidence that the two Mr. Silvers were the same or that any Mr. Silver was the disclosed principal of the landlord. This is undoubtedly true, so far as direct evidence is concerned. It is equally true, however, that a jury undoubtedly could have drawn the inference that the two Mr. Silvers were the same and that the relationship which began in 1938 continued

until the time of the signing of the lease in 1942. The evidence is also open to the construction that the conversation with Mr. Silver was not held any appreciable time before the signing but in connection therewith. The circumstances might be the same as though a party said, "Before signing I talked with my lawyer."

Furthermore, we did not hold that appellant's conversation with Mr. Silver was admissible in evidence. We held only that the proffered evidence showing the circumstances surrounding the signing of the lease should have been admitted, at least tentatively, by the trial judge in order for him to determine whether such evidence should have gone before the jury. In Mitchell v. David, D.C.Mun.App., 51 A.2d 375, we quoted from 9 Wigmore, Evidence, (3rd Ed. 1940), § 2430, as showing that frequently in cases involving integration of oral and written agreements the better practice is for the trial judge to hear proof of negotiations leading up to the signing of a written agreement in order to determine whether evidence of such negotiations should be admitted. We believe the same practice should have been followed here.[1]

Motion for rehearing overruled.

[1.] As in so many cases which come to us on a narrative statement of proceedings and evidence, the present statement is somewhat difficult to follow. During the trial appellant's counsel requested that an official reporter be called, but the trial court rejected this request on the ground that it came too late, that the court could gain a more accurate result upon reliance upon memory, and that the court preferred to proceed with the trial without a reporter. While we readily understand that a trial court will not desire to interrupt a trial by sending for a reporter, such a procedure frequently saves the court's time in the long run. It is often true that a partial stenographic transcript of evidence is better than none at all.