## WEAVER BROS., Inc., v. NEWLIN.

### No. 909.

Municipal Court of Appeals for the District of Columbia.

Argued April 10, 1950.

Decided June 6, 1950.

Bernard I. Nordlinger, Washington, D. C., Milton W. King, Wallace Luchs, Jr., and Ellis B. Miller, all of Washington, D. C., on the brief, for appellant.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is a second appeal in a controversy between a landlord and tenant over the keeping of a dog in an apartment. Much of the factual background is set forth in our opinion on the first appeal ordering a new trial. Newlin v. Weaver Bros., Inc., D.C.Mun.App., 69 A.2d 500, rehearing de-

nied, 70 A.2d 61. Essentially the facts developed at the second trial were as follows.

The tenant has occupied the apartment since 1938, his present occupancy being under lease of September 1941. This lease contains the following provision: "That he (the tenant) will not keep any live animals or birds of any description in said premises without the written consent of landlord first had and obtained." Notwithstanding that provision the tenant at the time of the signing of the lease and for sometime prior thereto had kept a small dog in his apartment and he continued to keep the dog until its death in 1945. The tenant then obtained a similar dog and has kept it until the present time. No objection was made by the landlord until January 18, 1949, when it wrote the tenant requesting removal of the dog within fifteen days. The tenant refused this request and after some further correspondence suit for possession was brought by the landlord on the ground that the keeping of the dog violated an obligation of the tenancy.

The undisputed evidence was that throughout the years the tenant made no effort to conceal the fact that he was keeping the dog. It was allowed freedom of the tenant's apartment and was regularly taken out on the lawn and sidewalk on a leash. The landlord's maintenance manager testified he knew there were dogs around the building, inside and out, but that he did not know to whom they belonged and never investigated whether a particular tenant was keeping a dog unless there was a complaint. He had been in this tenant's apartment a number of times and admitted he might have seen a dog there.

It was stipulated that the tenant never obtained written consent for keeping the dog, that the dog was well behaved, and that no claim was made that keeping the dog constituted a nuisance.

The case was tried to a court and jury and resulted in verdict and judgment for the tenant. The landlord's principal argument on appeal is that keeping a dog in violation of a lease provision constitutes a continuing breach, and that another provision of the lease that no waiver of a breach of any condition should be construed as a waiver of the condition or any subsequent breach is valid and enforceable. Assuming the correctness of both of these contentions, they are not determinative of the issue here.

■ The provision in question is not an absolute prohibition against the keeping of a dog;[1] it prohibits keeping a dog without written consent of the landlord.[2] Concededly there was no written consent but of course the requirement that the consent be in writing could be waived by the landlord. Consent need not be expressed but may be implied from conduct. There was no evidence of an express consent. The issue, therefore, was whether the keeping of the dog was with or without implied consent of the landlord.

■■ From the evidence we think the jury could have found that after the dog had been in the apartment for a year its presence was known to the landlord, and consequently that for more than two years the landlord knowingly permitted the tenant to keep the dog. From this the jury could find that the landlord by its conduct impliedly gave consent to keeping of this dog. Under these circumstances, there was no breach of the provision either at the time the landlord first complained or when suit was later brought. Even where the prohibition is absolute it has been held that long inaction on the part of the landlord under circumstances implying knowledge on his part, may constitute a waiver of the prohibition itself—not a breach thereof—or, put another way, that the

1. Cf. Barnard v. Hollingsworth, 336 Ill. App. 228, 83 N.E.2d 372; First Mortgage Bond Co. v. Saxton, 312 Mich. 520, 20 N.W.2d 294.

2. The lease did not provide, as it did in Mee v. Marlyn Apartment Company, D.C.

Mun.App., 31 A.2d 864, that consent if given could be revoked at any time. Nor was oral consent given, as in Shay v. Randall H. Hagner & Co., D.C.Mun. App., 34 A.2d 358, on condition that it was revocable on any complaint.

landlord by his course of conduct is estopped to insist on enforcement.[3]

■ Error is also assigned with respect to admission of testimony by one of the joint owners of the apartment building, called as a witness by the tenant. It appears that although Weaver Bros., Inc., has managed the building since its construction and executes leases in its own name, it does not own the building. The witness and another became joint owners in 1941. This witness lives a short distance from the apartment building and over objection of the landlord admitted that on several occasions she had seen the tenant in the vicinity leading a dog on a leash. It is contended that this evidence was not binding on the landlord and its effect was to permit the tenant to deny his landlord's title. On the former appeal we said: "Even though Weaver Bros., Inc., was the technical landlord, we believe it was permissible to allow the tenant to show, if such was a fact, that the real estate firm was acting as agent for a disclosed principal and therefore would be bound by promises made or permission given by such principal. That would not amount to disputing the landlord's title." [69 A.2d 501.] This evidence, though not amounting to a promise or permission, was admissible as a part of the general picture of open keeping of the dog with knowledge of the landlord.

The final claim of error relates to the refusal of the trial court to permit evidence of the intention of the landlord in accepting rent after ordering the dog removed. As we do not base either consent or waiver on acceptance of rent after giving notice to remove the dog, it is unnecessary to discuss this point.

Affirmed.

3. Tenth and Fifth, Inc., v. Arrowsmith, 186 Misc. 639, 59 N.Y.S.2d 239, affirmed without opinion, Sup., 65 N.Y.S.2d 344; Sol Apfel, Inc. v. Kocher, Sup., 61 N.Y.S. 2d 508, affirmed without opinion, 272 App.Div. 758, 70 N.Y.S.2d 139; Radcliffe Associates v. Greenstein, 274 App.Div. 277, 82 N.Y.S.2d 680, appeal denied, 274 App.Div. 984, 85 N.Y.S.2d 302; Vendramis v. Frankfurt, Sup., 86 N.Y.S.2d 715, affirmed without opinion, 276 App. Div. 903, 94 N.Y.S.2d 903.