**CAPITAL VIEW REALTY CO. v. MEIGS.**

No. 1274.

·Municipal Court of Appeals for the District of Columbia.

Argued Nov. 10, 1952.

Decided Dec. 4, 1952.

Herman Miller, Washington, D. C., for appellant.

Harry L. Ryan, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is another case of a dog in an apartment. The tenant has occupied the apartment since 1934 under a lease containing a covenant "that no dogs, cats, parrots or similar pets shall be kept in the apartment." The present landlord acquired the building in 1947. In August 1950 the tenant purchased a small dog and shortly thereafter asked the resident manager if she would have to vacate the apartment because of the dog. The resident manager told her she would not have to move and urged her to stay. The dog was accidently killed in May 1951 and about a week later the tenant bought another dog. She has kept this dog in the apartment until the present time. In May 1952 the landlord notified the tenant to get rid of the dog or vacate. Upon her refusal to do either the landlord sued for possession on the ground that the keeping of the dog constitutes a violation of an obligation of the tenancy. No claim was made that the keeping of the dog constitutes a nuisance. The undisputed evidence was that the tenant made no effort to conceal the fact that she had the dog in the apartment and that the janitor, who at times "was handling everything," and other employees of the landlord knew of the presence of the dog. A jury found in favor of the tenant and the landlord has appealed.

766

■■ We think this case is controlled by our decision in Weaver Bros. v. Newlin, D.C.Mun.App., 74 A.2d 65, 18 A.L.R.2d 877, wherein we held, under facts similar to those in this case, that long inaction on the part of the landlord under circumstances implying knowledge on his part, may constitute a waiver of the prohibition itself—not a breach thereof—or, put another way, that the landlord by his course of conduct is estopped to insist on enforcement. Here the landlord has acquiesced in and impliedly consented to the breach of a covenant made for its benefit and cannot now insist on compliance with the covenant.

■■ The landlord argues that it did not acquiesce in the keeping of the dog because it had no knowledge of the dog's presence. This argument is based on the testimony of the corporate landlord's president who testified he did not know that the tenant had a dog until shortly before she was notified to vacate. However, a corporation can acquire knowledge through officers and agents other than its president. This landlord had on the premises a resident manager, a janitor, and other employees. Whatever their specific duties were, in general they were there for the management and care of the building. While the president testified that these employees had no authority to act with respect to lease violations, he admitted he told the resident manager that no pets were to be allowed. Certainly at least with respect to the resident manager, her knowledge that the tenant was keeping a dog was imputed to the corporation. A corporation may limit the authority of its agents but it "cannot disable itself entirely to receive information or notice of facts affecting its interests". Prudential Ins. Co. of America v. Saxe, 77 U.S.App.D.C. 144, 159, 134 F.2d 16, 31, certiorari denied 319 U.S. 745, 63 S.Ct. 1033, 87 L.Ed. 1701. "A principal is charged with the knowledge of the agent acquired by the agent in the course of the principal's business." McHugh v. Duane, D.C.Mun.App., 53 A.2d 282, 285. See also Bowen v. Mount Vernon Sav. Bank, 70 App.D.C. 273, 105 F.2d 796. We think there was ample evidence on which

the jury could find that the landlord had knowledge of the presence of the dog in the tenant's apartment and acquiesced therein for a period long enough to bring this case within the doctrine of Weaver Bros. v. Newlin, supra.

Affirmed.