Joseph J. URCIOLO and Phillie M. Urciolo,
Appellants,

v.

The Honorable Walter E. WASHINGTON
et al., Appellees.

No. 6478.

District of Columbia Court of Appeals.

Argued Jan. 23, 1973.

Decided June 1, 1973.

James F. Temple, Washington, D. C.,
with whom Joseph J. Urciolo, Washington,
D. C., pro se, was on the brief, for appel-
lants.

Earl A. Gershenow, Asst. Corp. Counsel,
Washington, D. C., with whom C. Francis

Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before KELLY, FICKLING and HARRIS, Associate Judges.

KELLY, Associate Judge:

■ On October 16, 1970, the Board for the Condemnation of Insanitary Buildings served on George L. Cates, appellants' property manager, a notice to show cause why premises 1409 Columbia Street, N.W., should not be condemned because of its insanitary condition.[1] The notice was served on Mr. Cates at 501 D Street, N.W., Joseph J. Urciolo's place of business. When appellants failed to respond to the notice to show cause the Board served a condemnation order on Mr. Cates and posted a copy thereof on the property.[2] Appellants failed to respond to the condemnation order but in March of 1972, after receipt of a letter from the Board stating that it had directed that the property be demolished, they requested the Board to stay the demolition. After a hearing on April 26, 1972, appellants' request was denied, and their subsequent motion to reconsider was likewise denied. Appellants then applied to the Superior Court for a temporary restraining order, alleging *inter alia* (1) that the action of the Board in denying the stay of demolition was arbitrary and capricious, and (2) that service of the notice to show cause and of the condemnation order was deficient. This appeal is from the denial of that application.[3]

At the hearing on the motion for temporary restraining order Joseph J. Urciolo informed the court that he could not remember whether or not he was aware of the notice to show cause and the condemnation order prior to March of 1972, so that he could not contest service on him. He did contest service on his wife, Phillie M. Urciolo, pointing out that she was not served at her last known address on Underwood Street, N.W., in this city. He acknowledged that Mr. Cates, since deceased, had been the rental agent for the property in October and November of 1970, and he also acknowledged that no appeal was taken from the condemnation order of November 16, 1970. He protested the pending demolition of the property, insisting that he intended to rehabilitate the property, vacant since November of 1968, for the purpose of sale.

The applicable sections of the statute pertaining to service provide:

D.C.Code 1967, § 5–625(a) Any notice required by this chapter to be served shall be deemed served when served by any of the following methods: . . . (c) when left at the usual residence or place of business of the person to be notified with a person of suitable age and discretion then resident or employed therein . . . .

D.C.Code 1967, § 5–633(b) Wherever under sections 5–616 to 5–634 . . . any notice is to be given, an owner, . . . such notice may be given to an agent of such owner who collects rent or otherwise acts as an agent for the owner in connection with said property.

■ On reading the above quoted sections together, it is clear that service of the notice to show cause and of the condemnation order upon Mr. Cates, rental agent for the premises, was in accordance with statute and consistent with decided agency law. *See, e. g.,* Capital View Realty Co. v. Meigs,

---

1. D.C.Code 1967, § 5–618.

2. *Id.*

3. The denial of motion for a temporary restraining order is only appealable in instances where, as here, "the denial serves for all practical purposes to render the cause of action moot or where appellant's rights will be irretrievably lost absent review." Berrigan v. Sigler, Chairman of the Board of Parole, et al., 475 F.2d 918 (D.C.Cir., 1973).

D.C.Mun.App., 92 A.2d 765 (1952); McHugh v. Duane, D.C.Mun.App., 53 A.2d 282 (1947). As a consequence, appellants' claim of defective service must fail.

 It is likewise clear that appellants failed to exercise their right to appeal the condemnation order either to the Condemnation Review Board[4] or to the Superior Court.[5] Thus the question of whether or not the property was in fact in an insanitary condition when condemned is now precluded and D.C.Code 1972 Supp., § 5–629 cannot confer jurisdiction in the trial court over appellants' present cause of action as is alleged in the complaint. The statutory procedures established by Congress are exclusive.

 Appellants claim they were denied a fair hearing before the Board on the motion to stay demolition of the property but we find the record does not support this claim. They also assert that their property is being taken without just compensation and due process of law. However, the demolition of the property here is only incidental to a legitimate exercise of governmental power and not a direct appropriation which would bring Fifth Amendment considerations into play. Trinity Methodist Church, South v. Federal Radio Com'n, 61 App.D.C. 311, 62 F.2d 850, cert. denied, 284 U.S. 685, 52 S.Ct. 204, 76 L.Ed. 579 (1932). See also Keyes v. Madsen, 86 U.S.App.D.C. 24, 179 F.2d 40 (1949), cert. denied, 339 U.S. 928, 70 S.Ct. 628, 94 L.Ed. 1349 (1950).

In sum, we conclude that appellants made no showing in the trial court that they were entitled to injunctive relief. Accordingly, the order denying the motion for a temporary restraining order is

Affirmed.

HARRIS, Associate Judge (concurring in part and dissenting in part):

I fully agree that the trial court properly denied the motion for a temporary restraining order. However, rather than merely affirming on the merits, I would dismiss the appeal.

Appellant Joseph Urciolo is an attorney. As I read the record, he acknowledged having notice of the November 10, 1970, order of condemnation directed against the property in question.[1] He further testified

4. D.C.Code 1967, § 5–628, provides in pertinent part:

Any owner of property affected by an order of condemnation . . . shall be entitled to a review of such order by the Condemnation Review Board established by the Commissioners in accordance with the provisions of section 5–617, upon making application to said Condemnation Review Board, in writing, within fifteen days from the date on which such owner has been served notice of such order of condemnation, and upon payment of a fee of $25. The said Condemnation Review Board shall be authorized by the Commissioners to affirm, modify, or vacate any order of condemnation issued under the authority contained in sections 5–616 to 5–634.

5. D.C.Code 1972 Supp., § 5–629. Appeal from order—Superior Court—Modification or vacation by court.

The owner of any building or part of building condemned under the provisions of sections 5–616 to 5–634 may, within fifteen days from the date on which such owner receives notice that such order of condemnation has been reviewed by the Condemnation Review Board established in accordance with section 5–617 and has been affirmed or modified by such Board, appeal to the Superior Court of the District of Columbia for the modification or vacation of said order of condemnation. The Superior Court of the District of Columbia shall give precedence to any such case, shall hear the testimony adduced therein, shall view the building . . . affected by said order of condemnation, and thereafter shall affirm, modify, or vacate said order. In any proceeding instituted in accordance with the provisions of this subsection, such proceeding shall be conducted by the judge only, and nothing herein contained shall be construed as authorizing or entitling the owner of property affected by such order of condemnation to a trial by jury.

1. His challenge to the validity of service on his wife, a co-owner of the property, is frivolous.

that he knew he could seek review of the condemnation order within 15 days of the service thereof, D.C.Code 1967, § 5–628, and that if he elected not to seek review, he had six months within which to remedy the insanitary conditions which caused the issuance of the order. His decision not to appeal to the Condemnation Review Board was voluntary, based upon an expressed intent to repair the premises.

Total legal finality had attached to the order of condemnation by the end of November, 1970. Appellants took no steps to repair the property, and considerably more than the allowed six months passed. When the Board finally notified appellants that the building was to be demolished (by letter dated March 9, 1972), appellants sought further time within which they supposedly would make repairs. In the letter seeking such relief (dated March 17, 1972), appellants did not challenge the original order of condemnation in any way; they simply asked for more time. As noted in the preceding opinion, appellants' request was entertained fully by the Board, but was rejected.

Appellants' "Motion for Temporary Restraining Order and Preliminary Injunction" was filed in the trial court on May 15, 1972. To the extent that any legal arguments were advanced as a part thereof, such arguments constituted essentially a collateral attack on the legality of the long-since final condemnation order of November 10, 1970. At the hearing on the temporary restraining order (which was held the same day the motion was filed), no likelihood whatsoever was shown of success on the merits (if indeed one could even determine what point on the merits was before the trial court). Appellant Joseph Urciolo stated that "all I'm asking is [the] chance to repair," and further that he was "asking the Court for justice to allow me sufficient time in which to do it." Considering all of

the circumstances, the denial of the temporary restraining order was eminently proper.

The hearing on the temporary restraining order was conducted before the trial court's Judge in Chambers. At the conclusion thereof, the court advised appellants: ". . . you may still apply to the Court for a preliminary injunction, at which time, the Court will hold a full evidentiary hearing." Appellants chose not to pursue their right to a hearing on a preliminary injunction, and came immediately to this court instead.

We have the authority to review final orders of the Superior Court, D.C.Code 1972 Supp., § 11–721(a)(1). We also have the authority to review interlocutory orders of the Superior Court which grant or refuse injunctions. D.C.Code 1972 Supp., § 11–721(a)(2)(A). No such authority has been conferred upon us with respect to temporary restraining orders. This is altogether proper, principally since (1) orders deciding motions for temporary restraining orders typically are based upon records which are cursory at best, and (2) they may not be granted for more than ten days.[2]

It is both well settled and sound that absent extraordinary circumstances, rulings on temporary restraining orders are not appealable. See, e. g., McSurely v. McClellan, 138 U.S.App.D.C. 187, 426 F.2d 664 (1970); Dilworth v. Riner, 343 F.2d 226 (5th Cir. 1965). While it is true that there was uncertainty as to exactly when the actual demolition would take place (the contract for the demolition was confirmed by a letter of the Board dated May 5 and was to be performed within 90 days), appellants had known for a year and a half that the building was subject to demolition unless its insanitary condition were corrected. In my view the circumstances presented do not warrant deviation from the general rule of non-appealability of rulings on motions for

2. The handling of motions for injunctive relief is governed specifically by Super. Ct.Civ.R. 65 and generally by Super.Ct. Civ.R. 12–I. Rule 65(b) does authorize an extension of a TRO under certain circumstances.

temporary restraining orders. I believe that appellants' failure to pursue a hearing and obtain a ruling on their motion for a preliminary injunction was jurisdictionally fatal, and that the appeal should be dismissed.[3]

---

3. Their undoubtedly carefully considered tactic of appealing the denial of their motion for a TRO regrettably has been successful, for the case has been pending in this court for a year. It is apparent that the needed repairs have not been made during the additional time thus bought so cheaply by appellants, since no suggestion of mootness has been filed with us. In the meantime, appellants' insanitary building has continued to be a further blight on the neighborhood.